JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Vincent James

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vaughn A. Booker, Esquire -(215) 545-0474
1420 Walnut St, Suite 815, Philadelphia, Pa. 19102

## DEFENDANTS

United States of America and Aisha Burnett

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Federal Tort Claims Act - 28 U.S.C. 2671, et.seq.

Brief description of cause:
U.S. Postal Service driver struck and injuried the Plaintiff, within the course and scope of her employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE John M. Younge DOCKET NUMBER 26-cv-05389-JMY

DATE: August 27, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: City Avenue and Presidential Blvd, Lower Merion, Montgomery County, Pennsylvania

***RELATED CASE IF ANY:*** Case Number: 26-cv-05389-JMY Judge: John M. Younge

1. Does this case involve property included in an earlier numbered suit? No Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☒
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? No Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? No Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☒
   If yes, attach an explanation. The above described suit involves the same accident with similar parties.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☒ 16. All Other Federal Question Cases. *(Please specify)*: Federal Tort Claim Act

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: ____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* ____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

[signature] 8-27-2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**Vaughn A. Booker, Esquire** **Attorney for Plaintiff**
**1420 Walnut Street, Suite 815**
**Philadelphia, Pennsylvania 19102**
**Telephone: (215) 545-0474**
**Fax: (215) 545-0656**
**Attorney I.D. No: 42312**
**vbs00001@aol.com**

| | | |
|---|---|---|
| **VINCENT JAMES**<br>**1938 N. 52nd Street**<br>**Philadelphia, Pennsylvania 19131** | : | **Civil Action- Law**<br><br>**No.** |
| **Plaintiff** | : | **Complaint** |
| **vs.** | : | |
| **UNITED STATES OF AMERICA**<br>UNITED STATES POSTAL SERVICE<br>**950 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20530-0001** | : | |
| **and** | : | |
| **AISHA BURNETT**<br>**7314 Ogontz Avenue, Apt. 2**<br>**Philadelphia, Pennsylvania 19138** | : | |
| **Defendants** | : | |

**COMPLAINT**

And now comes the Plaintiff, Vincent James, by and through his undersigned Attorney, Vaughn A. Booker, Esquire and in support of his Complaint, prays your Honorable Court as follows:

**Jurisdiction**

1. Jurisdiction of this Court is proper, in that this action is brought pursuant to the Federal Tort Claims Act of August 2, 1946, Title 28, U.S.C., Section 2671 et. seq., and 28 U.S.C. 1346 (b). Plaintiff submitted and Administrative Claim for the claims set forth below to the United States Postal Service ("USPS").

2. The jurisdiction in this matter is based upon the Federal Tort Claims Act pursuant to 28 U.S.C. 2671, et. seq., and 39 U.S.C. Section 409, et, seq,

3. The Plaintiff has exhausted his Administrative remedies by submitting his claim to the USPS.

4. Six months having elapsed, all conditions precedent to the Federal Tort Claims Act have been met pursuant to 28 U.S.C. Section 2675 and a final denial of the Plaintiff's claim has been issued by the Defendant United States of America on August 17, 2026 through the USPS agency.

5. This Court has ancillary Jurisdiction against all Defendants in this matter pursuant to 28 U.S.C. 1367.

**Venue**

6. Venue is also proper in the Eastern District of Pennsylvania and pursuant to 28 U.S.C. 1391, 28 U.S.C. 1409 (b) and 28 U.S.C. 2671 et. seq., in that the Plaintiff is a citizen of the City of Philadelphia, Commonwealth of Pennsylvania and that both Defendants reside and or do business in the City of Philadelphia, Commonwealth of Pennsylvania and this case involves a claims against a U.S. Postal Service worker and the United States of America and the United States of America is the proper party Defendant for the United States Postal Service.

**Parties**

7. The Plaintiff, Vincent James, is an individual and at all times material hereto, resides at 1938 N. 52nd Street, in Philadelphia, Pennsylvania 19131.

8. The Defendant United States of America has a place of business located at 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001and is the proper party Defendant for their Agency, United States Postal Service.

9. The Defendant Aisha Burnett is an individual and at all times material hereto resides at 7314 Ogontz Avenue, Apt. 2, in Philadelphia, Pennsylvania 19138.

10. The Defendant United States of America, at all times material hereto, was acting by and through its agency, the United States Postal Service.

11. At all times material hereto, the Defendant Aisha Burnett was the agent, servant, workmen and/or employee of the United States of America and its agency through the United States Postal Service and was acting within the scope of her authority and agency relationship.

12. At all times material hereto, the Defendant United States of America, acting by and through its agents, servants, workmen and/or employees of the United States Postal Service, Aiesha Burnett, individually and/or jointly, a acted within the course of her employment and/or within the scope of her authority for which the Defendant in furtherance of the business of said Defendant, owned, controlled, maintained and possessed the United States Postal service vehicle involved in the collision with the Plaintiff.

**Facts**

13. At all times material hereto, he Plaintiff, Vincent James, was the operator and owner of a certain motor, to wit, a 2011 Toyota Camry, bearing Pennsylvania license plate number 20263PD or the like, involved in the collision with the Defendant.

14. At all times material hereto, the Defendant Aisha Burnett, owned, operated possessed, maintained and controlled the motor vehicle, to wit a 2019 Large US Postal Service Truck or the like, bearing license plate number 8871151, or the like involved in the collision with the Plaintiff.

15. 14. At all times material hereto, the Defendant United States of America acting by and through its agency, the United States Postal Service, owned, operated possessed, maintained and controlled the motor vehicle, to wit a 2019 Large US Postal Service Truck or the like, bearing license plate number 8871151, or the like, involved in the collision with the Plaintiff

16. At all times material hereto, the Defendant United States of America, was operating the said vehicle involved in the accident with the Plaintiff, with the permission, express and/or implied of the Defendant United States of America acting on behalf of the United States Postal Service.

17. At all times material hereto, the Defendant United States of America, was responsible for the maintenance, repair, care, brakes, braking system, custody and control of the its vehicle, involved in the collision with the Plaintiff.

18. At all times material hereto, the Defendant Aisha Burnett, was responsible for the maintenance, repair, care, brakes, braking system, custody and control of the its vehicle, involved in the collision with the Plaintiff.

19. At all times material, the Plaintiff Vincent James, was the operator of her motor vehicle, when struck by the vehicle being then and there operated by the Defendant Aisha Burnett.

20. At all times material hereto, the Defendant Aisha Burnett was acting by and through her authorized agents, servants, workmen and employees and acting and committed within the course and scope of his employment and agency relationship and with the authority, express and/or implied of the principal and acting as aforesaid.

21. At all times material hereto, the Defendant United States of America t was acting by and through her authorized agents, servants, workmen and employees and acting and committed within the course and scope of his employment and agency relationship and with the authority, express and/or implied of the principal and acting as aforesaid and in particular their United States Postal Service employee Aisha Burnett and is vicariously liable on a theory of Respondeat Superior for her tortious and negligent acts committed within the course and scope of her employment and their agency relationship.

22. On or about August 2, 2024, the Plaintiff Vincent James was operating his respective vehicle, at on or near City Avenue near Presidential Boulevard, in Lower Merion, Montgomery County, Pennsylvania, when while stopped, suddenly and without warning he was **negligently and carelessly struck in the rear,** then and there positioned and in plain view, by the Defendant Aisha Burnett, who was operating the Defendant United States of America and their agency, the US Postal service truck and acting within the course and scope of her employment with the Defendant United States of America and through their Agency, the United States Postal Service, and within the course and scope of her agency relationship, and furthermore caused the Plaintiff Vincent James to sustain personal injuries, all to his great financial loss and detriment.

**Count I**

**Plaintiff Vincent James vs. Defendant United States of America**

**Federal Tort Claims Act**

**FTCA, 28 U.S.C. 1346B, and 2671 et. seq.**

**Negligence**

23. The Plaintiff, Vincent James, incorporates by reference all of the allegations of the preceding paragraphs 1-22, inclusively as if fully set forth at length herein.

24. The said negligence and carelessness of the Defendant United States of America, acting by and through their authorized agents, servants, workmen and employees and acting and committed within the course and scope of their employment and agency relationship, consisted of, but were not limited to the following:

A. Failing to have proper and adequate control of the vehicle at all times.

B. Failing to maintain proper control of the vehicle.

C. Failing to properly control the operation of their vehicle.

D. Failing to maintain proper look out.

E. Failing to make necessary observations and pay attention to her driving under the circumstances.

F. Failing to timely and properly apply the brakes under the circumstances.

G. Improperly maintained their vehicle at the time of the accident.

H. Operated their vehicle at an excessive rate of speed under the circumstances.

I. Negligently and carelessly caused the collision between the respective vehicles.

J. Negligently and carelessly failed to yield the right of way.

K. Failed to slow their vehicle down under the circumstances.

L. Was negligent in the operation of her vehicle.

M. Failed to properly pay attention to the position and due regard for the Plaintiff, in plain view, while operating her respective vehicle.

N. Failed to pay attention while proceeding into traffic.

O. Negligently and carelessly struck the Plaintiff's vehicle from behind and in the rear.

P. Failed to pay attention while driving under the circumstances.

Q. Negligently and carelessly struck the Plaintiff, situated then and there and in plain view.

R. Violated the Assured Clear Distance Ahead Rule.

S. Failed to properly apply her brakes under the facts and circumstances of this case.

T. Violated the Rules of the Road and the various law, statutes, ordinances and regulations of the Commonwealth of Pennsylvania.

U. Negligently and carelessly caused his vehicle to collide with the Plaintiff's vehicle, under the facts and circumstances of this case.

V. Failed to warn the Plaintiff under the facts and circumstances.

W. Failed to properly repair, inspect and maintain the brakes on the vehicle.

X. Failed to not drive the vehicle when the Defendant knew and/or should have known and had actual knowledge that the brakes on the vehicle were giving the driver problems, but still allowed the vehicle to be driven on the highway anyway, when the vehicle created and unnecessary risk and hazard under the facts of the circumstances.

Y. Failed to timely, adequately and properly fix and repair the brakes, rotors, pads, calibers, the braking system and it's pertinent parts under the circumstances.

25. As a further and direct and proximate result of the negligence of the Defendant, the Plaintiff Vincent James, was caused to sustain personal injuries, including but not limited to his body and limbs, as well as a shock to his nerves and nervous system and furthermore may have sustained other injuries as well, the full extent of which may be both known and unknown.

26. As a further and proximate result of the Defendant's negligence as aforesaid, the Plaintiff Vincent James also may have sustained an aggravation and/or exacerbation of injuries both known and unknown.

27. In addition to the above and as a direct and proximate result of the negligence and carelessness of the Defendant's, the Plaintiff Vincent James, may have been caused to sustain serious and/or permanent injuries, as well as a serious impairment of body function.

28. As a further result of this accident and the Defendant's negligence as aforesaid, the Plaintiff, Vincent James has been or will be obligated to receive and undergo medical attention and care and to incur various expenses in the treatment of his injuries and may be required to expend additional sums in the future as out of pocket expenses, all to her great financial loss and

29. As a further and proximate result of the Defendant's negligence as aforesaid, the Plaintiff Vincent James will be prevented from attending to his usual and every day needs, duties and occupation.

30. As a further and proximate result of the Defendant's negligence as aforesaid, the Plaintiff Vincent James may have lost wages and may be so caused to sustain a loss of wages in the future.

31. In addition to the above, and as a direct and proximate result of the negligence and carelessness of the Defendants, the Plaintiff Vincent James may have sustained a loss of future earnings and an impairment in his earnings capacity.

32. As a further and proximate result of the Defendant's negligence, the Plaintiff Vincent James has suffered and may continue to suffer into the future a great deal of pain and suffering and may in the future be so hindered and prevented from attending to his usual and daily duties and needs all to his great financial loss and detriment.

33. As a further and direct and proximate result of the Defendant's negligence, the Plaintiff, Vincent James has suffered pain, mental anguish, emotional distress, agony and humiliation and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS, THE PLAINTIFF, VINCENT JAMES, DEMANDS JUDGMENT AGAINST THE DEFENDANT UNITED STATES OF AMERICA, FOR AN AMOUNT IN EXCESS OF150,000.00 (ONE-HUNDRED AND FIFTY THOUSAND DOLLARS), PLUS COSTS OF THIS SUIT.

**Count II**

**Plaintiff Vincent James vs. Defendant Aisha Burnett**

**Federal Tort Claims Act**

**FTCA, 28 U.S.C. 1346B, and 2671 et. seq.**

**Negligence**

34. The Plaintiff, Vincent James, incorporates by reference all of the allegations of the preceding paragraphs 1-33, inclusively as if fully set forth at length herein.

35. The said negligence and carelessness of the Defendant Aisha Burnett, acting by and through her authorized agents, servants, workmen and employees and acting and committed within the course and scope of their employment and agency relationship, consisted of, but were not limited to the following:

A. Failing to have proper and adequate control of the vehicle at all times.

B. Failing to maintain proper control of the vehicle.

C. Failing to properly control the operation of their vehicle.

D. Failing to maintain proper look out.

E. Failing to make necessary observations and pay attention to her driving under the circumstances.

F. Failing to timely and properly apply the brakes under the circumstances.

G. Improperly maintained their vehicle at the time of the accident.

H. Operated their vehicle at an excessive rate of speed under the circumstances.

I. Negligently and carelessly caused the collision between the respective vehicles.

J. Negligently and carelessly failed to yield the right of way.

K. Failed to slow their vehicle down under the circumstances.

L. Was negligent in the operation of her vehicle.

M. Failed to properly pay attention to the position and due regard for the Plaintiff, in plain view, while operating her respective vehicle.

N. Failed to pay attention while proceeding into traffic.

O. Negligently and carelessly struck the Plaintiff's vehicle from behind and in the rear.

P. Failed to pay attention while driving under the circumstances.

Q. Negligently and carelessly struck the Plaintiff, situated then and there and in plain view.

R. Violated the Assured Clear Distance Ahead Rule.

S. Failed to properly apply her brakes under the facts and circumstances of this case.

T. Violated the Rules of the Road and the various law, statutes, ordinances and regulations of the Commonwealth of Pennsylvania.

U. Negligently and carelessly caused his vehicle to collide with the Plaintiff's vehicle, under the facts and circumstances of this case.

V. Failed to warn the Plaintiff under the facts and circumstances.

W. Failed to properly repair, inspect and maintain the brakes on the vehicle.

X. Failed to not drive the vehicle when the Defendant knew and/or should have known and had actual knowledge that the brakes on the vehicle were giving the driver problems, but still allowed the vehicle to be driven on the highway anyway, when the vehicle created and unnecessary risk and hazard under the facts of the circumstances.

Y. Failed to timely, adequately and properly fix and repair the brakes, rotors, pads, calibers, the braking system and it's pertinent parts under the circumstances.

36. As a further and direct and proximate result of the negligence of the Defendant, the Plaintiff Vincent James, was caused to sustain personal injuries, including but not limited to his body and limbs, as well as a shock to his nerves and nervous system and furthermore may have sustained other injuries as well, the full extent of which may be both known and unknown.

37. As a further and proximate result of the Defendant's negligence as aforesaid, the Plaintiff Vincent James also may have sustained an aggravation and/or exacerbation of injuries both known and unknown.

38. In addition to the above and as a direct and proximate result of the negligence and carelessness of the Defendant's, the Plaintiff Vincent James, may have been caused to sustain serious and/or permanent injuries, as well as a serious impairment of body function.

39. As a further result of this accident and the Defendant's negligence as aforesaid, the Plaintiff, Vincent James has been or will be obligated to receive and undergo medical attention and care and to incur various expenses in the treatment of his injuries and may be required to expend additional sums in the future as out of pocket expenses, all to her great financial loss and

40. As a further and proximate result of the Defendant's negligence as aforesaid, the Plaintiff Vincent James will be prevented from attending to his usual and every day needs, duties and occupation.

41. As a further and proximate result of the Defendant's negligence as aforesaid, the Plaintiff Vincent James may have lost wages and may be so caused to sustain a loss of wages in the future.

42. In addition to the above, and as a direct and proximate result of the negligence and carelessness of the Defendants, the Plaintiff Vincent James may have sustained a loss of future earnings and an impairment in his earnings capacity.

43. As a further and proximate result of the Defendant's negligence, the Plaintiff Vincent James has suffered and may continue to suffer into the future a great deal of pain and suffering and may in the future be so hindered and prevented from attending to his usual and daily duties and needs all to his great financial loss and detriment.

44. As a further and direct and proximate result of the Defendant's negligence, the Plaintiff, Vincent James has suffered pain, mental anguish, emotional distress, agony and humiliation and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS, THE PLAINTIFF, VINCENT JAMES, DEMANDS JUDGMENT AGAINST THE DEFENDANT AISHA BURNETT, FOR AN AMOUNT IN EXCESS OF150,000.00 (ONE-HUNDRED AND FIFTY THOUSAND DOLLARS), PLUS COSTS OF THIS SUIT.

**Count III**

**Plaintiff Vincent James vs. Defendant United States of America**

**Property Damage**

45. The Plaintiff, Vincent James, incorporates by reference all of the allegations of the preceding paragraphs 1-44, inclusively as if fully set forth at length herein.

46. At all times material hereto, the Defendant United States of America, acted by and through her authorized agents, servants, workmen and employees and acted and committed within the course and scope of their employment and agency relationship.

47. At all times material hereto, the Plaintiff Vincent James was the operator and owner of a certain motor vehicle, to wit, a 2011 Toyota Camry, or the like, involved in the collision with the Defendant, which sustained property damage and expenses.

48. As a direct and proximate result of the negligence and carelessness of the Defendant acting as aforesaid, the Plaintiff's vehicle was damaged in and about and all about it's pertinent parts.

49. Further as a direct and proximate result of the negligence and carelessness of the Defendant acting as aforesaid, the Plaintiff has been obliged to expend various sums of money for the property damage repair of his vehicle as out of pocket expenses, all to his great financial loss and detriment.

50. Further, as a direct and proximate result of the negligence and carelessness of the Defendant, the Plaintiff has been obliged to expend various sums of money for rental, towing, car expenses, storage charges and deductible expenses as out of pocket expenses, all to his great financial loss and detriment.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS, THE PLAINTIFF, VINCENT JAMES, DEMANDS JUDGMENT AGAINST THE DEFENDANT UNITED STATES OF AMERICA, FOR AN AMOUNT IN EXCESS OF150,000.00 (ONE-HUNDRED AND FIFTY THOUSAND DOLLARS), PLUS COSTS OF THIS SUIT.

## Count IV

## Plaintiff Vincent James vs. Defendant Aisha Burnett

## Property Damage

51. The Plaintiff, Vincent James, incorporates by reference all of the allegations of the preceding paragraphs 1-50, inclusively as if fully set forth at length herein.

52. At all times material hereto, the Defendant Aisha Burnett, acted by and through her authorized agents, servants, workmen and employees and acted and committed within the course and scope of their employment and agency relationship.

53. At all times material hereto, the Plaintiff Vincent James was the operator and owner of a certain motor vehicle, to wit, a 2011 Toyota Camry, or the like, involved in the collision with the Defendant, which sustained property damage and expenses.

54. As a direct and proximate result of the negligence and carelessness of the Defendant acting as aforesaid, the Plaintiff's vehicle was damaged in and about and all about it's pertinent parts.

55. Further as a direct and proximate result of the negligence and carelessness of the Defendant acting as aforesaid, the Plaintiff has been obliged to expend various sums of money for the property damage repair of his vehicle as out of pocket expenses, all to his great financial loss and detriment.

56. Further, as a direct and proximate result of the negligence and carelessness of the Defendant, the Plaintiff has been obliged to expend various sums of money for rental, towing, car expenses, storage charges and deductible expenses as out of pocket expenses, all to his great financial loss and detriment.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS, THE PLAINTIFF, VINCENT JAMES, DEMANDS JUDGMENT AGAINST THE DEFENDANT AISHA BURNETT, FOR AN AMOUNT IN EXCESS OF150,000.00 (ONE-HUNDRED AND FIFTY THOUSAND DOLLARS), PLUS COSTS OF THIS SUIT.

**By:**

**Vaughn A. Booker, Esquire**
**Attorney for Plaintiff,**
**Vincent James**

**Dated:** **August 27, 2026**

**VERIFICATION**

I, Vaughn A. Booker, Esquire, hereby states that I am the Attorney for the Plaintiff in the within action and furthermore verify that the facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. C.S..A. 4904 relating to unsworn falsification to authorities.

**Vaughn A. Booker, Esquire**
**Attorney for Plaintiff**

**Dated: August 27, 2026**